**In re Linda Jean HENSON, SS # 448–50–3748, Debtor.**

**Bankruptcy No. 94–03106–W.**

United States Bankruptcy Court, N.D. Oklahoma.

May 15, 1995.

David A. Carpenter, Tulsa, OK, for debtor.

Lawrence A.G. Johnson, Tulsa, OK.

*ORDER GRANTING IN PART APPLICATION FOR ATTORNEY'S FEES AND INCREASING AMOUNT OF ALLOWED SECURED CLAIM*

MICKEY DAN WILSON, Chief Judge.

On October 18, 1994, the Debtor filed a voluntary petition seeking relief under Chapter 13 of the Bankruptcy Code, and at the same time filed her Chapter 13 Plan, Statement of Affairs and Schedules. The Debtor is a single mother, raising her son, age 17, and another son, age 8. The Debtor nets $1,750.00 a month. In addition, to make the Plan work, the Debtor shows estimated monthly overtime and voluntary contributions from "boyfriend" to increase the income of the Debtor. The Debtor owns her home (a Jim Walter Home) of a value of approximately $40,000.00, with a mortgage on the same to William J. Wade, Trustee. The Plan calls for the regular monthly payments to be made to the mortgage holder through the Plan, but direct to the creditor. A proof of claim has been filed by the mortgage holder setting forth that the Debtor is in arrears on the mortgage payments in the sum of $1,287.91. The Plan was objected to by the creditor Wade because the Plan did not require the Debtor to maintain insurance on the premises and did not account for the arrearages owed and that the arrearages should bear interest at the contract rate of ten percent (10%). The Debtor does have insurance on the homestead. Because of allegations made in open Court, as to the amount of arrearages, the Court directed that the parties enter into stipulations as to agreed facts, which shows that the arrearage is for a one (1) month payment, a casualty insurance premium paid by the creditor, a late fee, and attorneys fees. The Debtor had obtained casualty insurance from the creditor Wade and, thereafter, purchased casualty insurance from another entity and did not inform the creditor Wade of the additional insurance and, accordingly, the mortgage holder, creditor Wade, continued the insurance purchased by them, which resulted in $444.00 of insurance premiums and, thus, the arrearages set forth in the stipulations by the parties include one (1) house payment and late fees, insurance premiums, all totaling $613.90. Creditor Wade asserts this arrearage should bear interest at the contract rate and not the market rate and Debtor objects to the same. In addition, creditor Wade requested attorneys fees for the prosecution of the determination of the amount of the interest on the arrearages. After amendments to the Plan, the Court denied the

objection of Wade to the Plan, setting forth the amount of the arrearages should bear interest at the market rate and not at the contract rate and reserved the issues of the attorneys fees. Wade then filed an application for attorneys fees with brief, which was objected to by the Debtor.

The monetary difference between the two parties suggested interest amounts equates to about $9.00 during the term of the plan (forty-four months) or about twenty cents (20¢) per payment. The application seeks $2,125.00 in attorneys fees for the determination of whether this creditor is entitled to another $9.00 in interest if the Plan provides for the arrearage payment over the life of the Plan. This amount is exorbitant. Suffice to say the time expended has no economic relationship to the monies involved. The Debtor has submitted all of her disposable income (plus "estimated" overtime income, plus help from other parties) to make the Plan work. The Debtor cannot increase the amount of monthly payments. Practically, the unsecured creditors' percentage of payments will be decreased by the attorneys fees awarded to this creditor by virtue of § 506(b) (or the Debtor could, as she has done in the past, voluntarily increase the length of the Plan so as to provide 100% pay back to the creditors).

This creditor originally filed a proof of claim in an amount of $1,287.91, representing arrearages which was, by the stipulations of the parties, in error; and, at time of argument, the creditor informed the Court that, by virtue of the many, many loans of this type, the precedent set in this case (contract rate or market rate interest on arrearages) is of substantial significance to the creditor and, thus, the amount of time expended was necessary for the precedential value of this Court's determination concerning interest on arrearages. This Debtor (or this Debtor's unsecured creditors) would effectively be paying for the precedent of this Court's determination, effectively influencing hundreds of other similar cases. It is inappropriate for this estate to pay for the same. This Court must give credence to 11 U.S.C. § 506(b) and the Court notes that the original Chapter 13 Plan did not treat the arrearages of this creditor. This oversight was immediately corrected by the Debtor at the first hearing on confirmation by an oral amendment to the Plan with only the question of the interest factor being at issue. Fees requested must bear a reasonable relation to the size of the estate. Where twenty cents (20¢) a month or $9.00 over forty-four (44) months is involved, a fee application to protect said $9.00 in an amount in excess of $2,000.00 is inappropriate. As mentioned, some of the problems in this case were brought upon by the erroneous amount in the proof of claim. The Court makes no comments as to the reasonableness of the hours expended, but takes into consideration the amount involved and the results obtained in the dispute.

Accordingly, the Court finds that an appropriate fee in this matter is in the sum of $350.00; that the creditor Wade shall be allowed a secured arrearage claim in the sum of $613.90, which shall bear interest at the rate of eight percent (8%) per annum per previous Order of the Court, and the sum of $350.00, representing attorneys fees which shall not bear interest, which said attorneys fees shall be paid at $50.00 per month until fully paid, beginning with the next Plan payment, and the Debtor shall so amend the Order confirming the Plan.

AND IT IS SO ORDERED.